Patents; liability for use of invention; validity and infringement of patent; doctrine of equivalents; file wrapper estoppel. — Plaintiff, pursuant to 28 U.S.C. § 1498(a), seeks to recover reasonable and entire compensation for defendant’s taking by inverse condemnation of an ad hoc, nonexclusive license under plaintiffs United States Patent No. 3,383,680 issued May 14, 1968, in the name of Liscum Diven as the inventor. Plaintiff asserts that claims 1, 5, and 15 have been infringed by the manufacture and/or use by or for defendant of radar transponders designated as the AN/PPN-18 and AN/TPN-28 transponders. The Diven patent discloses and claims improved radar transponders which are capable of responding simultaneously to interrogation by a plurality of radar transmitters in such a way as to enable the radar operators to locate, identify, and distinguish between various aircraft, vessels, or vehicles upon which the transponders are installed. The procurement of the AN/PPN- *483 18 and AN/TPN-28 transponders was from sources other than plaintiff and was without license or other authorization by plaintiff. Defendant questions the validity of the patent by arguing that the differences between the subject matter of the claims in issue and the prior art are such that the subject matter as a whole would have been obvious in about 1966 to a person having ordinary skill in the transponder and radar art. With respect to the issue of infringement, defendant resists plaintiffs application of claim 15 of the Diven patent to defendant’s AN/TPN-28 transponder. Defendant also argues that its AN/PPN-18 transponder does not infringe claims 1 or 5 of the Diven patent. In both cases, defendant’s contentions rest mainly upon the semantics of the claims and the lack of applicability of the doctrine or equivalents where the claim terminology is not susceptible to more than one literal interpretation. On December 31, 1980 Trial Judge Francis C. Browne filed a recommended opinion (reported in full at 209 USPQ 769) concluding that the AN/PPN-18 transponder maufactured for and used by defendant infringes claims 1, 5, and 15 of the Diven patent. However, the AN/TPN-28 transponder does not infringe either claims 1, 5, or 15 of the Diven patent. Defendant has not proved that any of the infringed claims is invalid. Having found that at least one claim of the Diven patent has been infringed by at least one of the transponders manufactured for and used by defendant, and having found that the asserted claims are valid, the trial judge found plaintiff entitled to recover reasonable and entire compensation under 28 U.S.C. § 1498(a) for the infringement. On October 9, 1981 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case and entered judgment to the extent set forth in the trial judge’s recommended decision with the amount of recovery to be determined pursuant to Rule 131(c). Plaintiffs motion for rehearing or rehearing en banc was denied November 20,1981.